| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA v. EMEKA FRANK ODIAKA | DOCKET NO. |
|---|---|
| | MAGISTRATE'S CASE NO. 11-0627M |

FILED CLERK U.S. DISTRICT COURT
MAR 23 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2)

| NAME OF MAGISTRATE JUDGE Hon. Frederick F. Mumm | UNITED STATES MAGISTRATE JUDGE | LOCATION Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE March 23, 2011 | PLACE OF OFFENSE Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about March 23, 2011, defendant EMEKA FRANK ODIAKA, an alien, who had been officially deported and removed from the United States on or about April 29, 2001, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

Defendant's previously alleged removal from the United States occurred subsequent to defendant's convictions for one or more of the following felonies: First Degree Burglary, in violation of California Penal Code Section 459, and Perjury, in violation of California Penal Code Section 118, both in the Superior Court of the State of California, County of Los Angeles, Case Number SA037412, on or about December 7, 1999, for which defendant was sentenced to two years in prison.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
   (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT Alvin J. Castillo |
|---|---|
| | OFFICIAL TITLE Special Agent - ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE March 23, 2011 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
AUSA Andrew Brown (14th Floor, x0102)          REC: Detention

## A F F I D A V I T

I, Al Castillo, being duly sworn, do hereby depose and say:

1.  I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been employed as an Immigration Officer with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since April, 1997. I have been a DO with ICE since August, 1998. I am currently assigned to the Los Angeles Field Office.

2.  This affidavit is made in support of a criminal complaint against EMEKA FRANK ODIAKA ("ODIAKA"), also known as ("aka") Emeka F. Odiaka, aka Chukwuemeka Forster Odiaka, aka John Stanley, aka Charles Johnson, charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into this matter.

3.  On March 9, 2011, Deportation Officer Steven Cossettini notified me that ODIAKA, a previously deported criminal alien,

1

was present in the United States and in the administrative custody of the ICE Los Angeles Branch.  Based on this notification, I undertook the present investigation of ODIAKA.

4.  Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained.

5.  On March 10, 2011, I reviewed DHS A-File A71-826-919, which is maintained for the subject alien "Emeka Frank Odiaka." The A-File contained, among other things, the following documents and information:

a.  Photographs of the alien subject to whom DHS A-File A71-826-919 corresponds.  I compared these photographs to the ICE booking photograph of ODIAKA taken on or about March 4, 2011. These photographs depict the same person.  Thus, I determined that DHS A-File A71-826-919 and its contents correspond to ODIAKA.

b.  A DHS Detainer (Form I-247), dated March 2, 2011. From this I-247, as well as other documents in ODIAKA'S A-File, and my training and experience, I am able to determine that ICE

learned that ODIAKA was in the custody of the Los Angeles County Jail. ODIAKA was arrested on March 1, 2011, for Driving under the Influence of Alcohol/Drugs, in violation of California Vehicle Code Section 23152(A). ICE then placed a detainer on ODIAKA, and as a result, ODIAKA was transferred to ICE administrative custody on or about March 4, 2011.

        c.    One executed Warrant of Removal/Deportation indicating that ODIAKA was officially removed and deported from the United States on April 29, 2001. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and/or fingerprint. The executed Warrant of Removal/Deportation in ODIAKA'S A-File contains his photograph, signature, and a fingerprint.

        d.    A certified copy of conviction record showing that ODIAKA was convicted on December 7, 1999, of one count of First Degree Burglary, in violation of California Penal Code Section 459, and one count of Perjury, in violation of California Penal Code Section 118, in the Superior Court of the State of California, County of Los Angeles, Case Number SA037412. For these offenses, ODIAKA was sentenced to a total term of two years in prison.

3

   e. Various documents, in addition to the Warrant of Removal/Deportation, indicating that ODIAKA is a native and citizen of Nigeria. These documents include: (i) a Final Administrative Removal Order (Form I-851A), dated November 30, 2000, in which ODIAKA was ordered removed to Nigeria, and (ii) a Notice of Intent to Issue a Final Administrative Removal Order (Form I-851), dated November 27, 2000, in which ODIAKA does not contest, among other things, that ODIAKA is a native and citizen of Nigeria, and (iii) an Emergency Certificate, which serves as a provisional passport, issued by the Nigerian Embassy in Washington, D.C., dated April 19, 2001, which indicates that ODIAKA is a native and citizen of Nigeria.

  6. On March 9, 2011, I reviewed the printouts of the Criminal Identification Index ("CII") and the Consolidated Criminal History Reporting System ("CCHRS"). Based on my training and experience, I know that the CII and CCHRS databases track and record arrests and convictions of individuals according to an individual's CII number. The CII and CCHRS printouts confirmed that ODIAKA had been convicted of the crimes reflected in the documents contained in ODIAKA'S DHS A-File.

  7. On March 9, 2011, I reviewed the printouts of ICE computer indices on ODIAKA. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE (or INS) or is

granted permission to enter or re-enter the United States. The ICE computer indices confirmed that ODIAKA had been removed and deported on or about the date indicated on the Warrant of Removal/Deportation found in ODIAKA'S DHS A-File. The ICE computer indices further indicated that ODIAKA had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since ODIAKA had last been deported.

8. On March 4, 2011, ODIAKA stated to Ian Herrera, the Immigration Enforcement Agent, who interviewed and processed ODIAKA for Reinstatement of Prior Removal Order, that he re-entered the United States near Detroit, Michigan, on or about January 16, 2011, without proper authorization from an immigration officer.

8. On March 23, 2011, I read ODIAKA his Miranda rights. ODIAKA invoked his rights and requested an attorney before answering any questions.

10. Based on my review of ODIAKA'S DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General or his designated successor, the Secretary of Homeland Security, to

legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in ODIAKA'S DHS A-File.

10. Based on the foregoing facts, there is probable cause to believe that ODIAKA has violated Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation.

_____
Al Castillo
Deportation Officer - ICE

Subscribed and sworn to before me on this 23rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
**JOHN E. McDERMOTT**