```
 1 │ ANDRÉ BIROTTE JR.
   │ United States Attorney
 2 │ ROBERT E. DUGDALE                    2011 MAR 23 PM 12: 12
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division             CLERK, U.S. DISTRICT COURT
   │ ANDREW BROWN (No. 172009)             CENTRAL DIST. OF CALIF.
 4 │ Assistant United States Attorney          LOS ANGELES
   │      1400 United States Courthouse   BY_____
 5 │      312 North Spring Street
   │      Los Angeles, California 90012
 6 │      Telephone: (213) 894-0102
   │      Facsimile: (213) 894-0142
 7 │      Email: andrew.brown@usdoj.gov
   │ Attorneys for Plaintiff
 8 │ UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.: 11-0627 M |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S NOTICE OF REQUEST |
| v. | ) | FOR DETENTION |
| EMEKA FRANK ODIAKA, | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

____ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))
on the following grounds</u>:

    ____ a. offense committed while defendant was on release pending (felony trial), (sentencing) (appeal) or on (probation) (parole);

    ____ b. alien not lawfully admitted for permanent residence;

    ____ c. flight risk;

    ____ d. danger to community.

| | | |
|---|---|---|
| _X_ | 2. | <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure against</u>: |
| _X_ | a. | danger to any other person or the community; |
| _X_ | b. | flight. |
| ___ | 3. | <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| ___ | a. | Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ___ | b. | Defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ___ | 4. | <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| ___ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ___ | b. | offense under 18 U.S.C. § 924(c) (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk); |
| ___ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, |

|    |     |    |                                                                                                     |
|----|-----|----|-----------------------------------------------------------------------------------------------------|
| 1  |     |    | 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-                                                         |
| 2  |     |    | 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425                                                          |
| 3  |     |    | (presumption of danger to community and flight                                                       |
| 4  |     |    | risk);                                                                                               |
| 5  | ___ | d. | defendant currently charged with (I) crime of                                                        |
| 6  |     |    | violence, (II) offense with maximum sentence of                                                      |
| 7  |     |    | life imprisonment or death, (III) Title 21 or                                                        |
| 8  |     |    | MDLEA offense with 10-year or greater maximum                                                        |
| 9  |     |    | sentence, or (IV) any felony if defendant                                                            |
| 10 |     |    | previously convicted of two or more offenses                                                         |
| 11 |     |    | described in I, II, or III, or two or more state                                                     |
| 12 |     |    | or local offenses that would qualify under I, II,                                                    |
| 13 |     |    | or III if federal jurisdiction were present, or a                                                    |
| 14 |     |    | combination of such offenses, AND defendant was                                                      |
| 15 |     |    | previously convicted of a crime listed in I, II,                                                     |
| 16 |     |    | or III committed while on release pending trial,                                                     |
| 17 |     |    | AND the current offense was committed within five                                                    |
| 18 |     |    | years of conviction or release from prison on the                                                    |
| 19 |     |    | above-described previous conviction (presumption                                                     |
| 20 |     |    | of danger to community).                                                                             |
| 21 |  X  | 5. | <u>Government Is Entitled to Detention Hearing</u>                                                   |
| 22 |     |    | <u>Under § 3142(f) If the Case Involves</u>:                                                         |
| 23 | ___ | a. | a crime of violence (as defined in 18 U.S.C.                                                         |
| 24 |     |    | § 3156(a)(4)) or Federal crime of terrorism (as                                                      |
| 25 |     |    | defined in 18 U.S.C. § 2332b(g)(5)(B)) for which                                                     |
| 26 |     |    | maximum sentence is 10 years' imprisonment or                                                        |
| 27 |     |    | more;                                                                                                |
| 28 |     |    |                                                                                                     |

     \_\_\_\_ b. an offense for which maximum sentence is life imprisonment or death;

     \_\_\_\_ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

     \_\_\_\_ d. instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

     \_\_\_\_ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

     __X__ f. serious risk defendant will flee;

     \_\_\_\_ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

\_\_\_\_ 6. Government requests continuance of \_\_\_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

1  ____    7.   Good cause for continuance in excess of three days
2               exists in that:
3               _____
4               _____
5               _____
6
7  DATED: March 23, 2011            Respectfully submitted,
8                                   ANDRÉ BIROTTE JR.
                                    United States Attorney
9
                                    ROBERT E. DUGDALE
10                                  Assistant United States Attorney
                                    Chief, Criminal Division
11
12                                  _____
                                    ANDREW BROWN
13                                  Assistant United States Attorney
                                      Attorneys for Plaintiff
14                                  UNITED STATES OF AMERICA

5